IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:23-CT-3173-M-RJ

| | |
|---|---|
| ANTHONY EARMON MARCUS-EL, ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LT. JAMES H. CANDELARIO, et al., ) <br> ) <br> Defendants. ) | ORDER |

Plaintiff, a state pretrial detainee proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. The matter is now before the court for initial review under 28 U.S.C. § 1915(e)(2)(B). Also before the court are plaintiff's motions to amend [D.E. 23] and to obtain documents [D.E. 43].

The court first addresses plaintiff's motion to obtain documents. The motion is not the model of clarity, but it appears plaintiff is requesting copies of filings within this action. (Mot. for Documents [D.E. 43] at 1–2). It is unclear to which documents plaintiff refers. A pro se litigant is responsible for maintaining his own legal records and plaintiff is not entitled to copies at the government's expense. See United States v. Gallo, 849 F.2d 607, 1988 WL 60934, at *1 (4th Cir. May 31, 1988) (per curiam) (unpublished table decision); see also Jackson v. Florida Dep't of Fin. Servs., 479 F. App'x 289, 292–93 (11th Cir. 2012) (per curiam) (unpublished). Plaintiff instead should avail himself of the Public Access to Court Electronic Records ("PACER") program (10 cents per page) or a record system request through the Clerk's Office (50 cents per

page). See 28 U.S.C.A. § 1914, Judicial Conference Schedule of Fees, at ¶4; http://www.nced.uscourts.gov/pdfs/CopyRequestInstructions.pdf (visited Nov. 11, 2023).

Regarding plaintiff's first motion to amend, the court summarily grants the motions. See Fed. R. Civ. P. 15(a).

The court now turns to its initial review. When a prisoner seeks relief in a civil action from a governmental entity or officer, a court must dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1). A frivolous case "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of a pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). A pro se plaintiff's pleading, however, must contain "more than labels and conclusions," see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008), and the court need not accept as true any legal conclusions or unwarranted factual inferences, see Ashcroft v. Iqbal, 556 U.S. 662, 677–83 (2009); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was

2

committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Further, a plaintiff also "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676; see Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

Here, plaintiff has filed numerous documents in support of his complaint. Plaintiff has filed a corrected complaint as directed by the court, as well as his motion to amend the complaint with 98 pages of documents attached in support. (See Attach. to Mot. to Am. [D.E. 23-1]). Plaintiff's supportive documents also include memorandums, letters, and an amended complaint. [D.E. 8, 9, 14, 15, 16, 17, 18, 19, 21, 25, 27, 29, 30, 32, 33, 37, 40, 41, 42, 44, 45].

Under Federal Rule of Civil Procedure 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Such statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555. Plaintiff's numerous and disjointed filings to not provide fair notice of the claims to defendants. See North Carolina v. McGuirt, 114 F. App'x 555, 558 (4th Cir. 2004); see also United States ex rel. Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003). Therefore, the court will direct plaintiff to file one amended complaint asserting all claims which may be brought in a single action.

Accordingly, the court directs plaintiff to file one amended complaint naming the party or parties responsible for his alleged deprivations, the injury stemming from the party or parties' actions or inactions, and the alleged facts to support his claim. Plaintiff should briefly mention specific events and correlating dates which are the basis for suit and must connect defendants with

3

the purported constitutional violations. The amended complaint shall not include any claims unrelated to the original complaint. Additionally, the court will consider the amended complaint as the complaint in its entirety and will not consider previous filings. Any particularized complaint will be subject to initial review, and the court will determine if severance is appropriate. See Fed. R. Civ. P. 18(a), 20(a)(2). Failure to comply with this order as directed may result in dismissal of the action.

## CONCLUSION

Based on the foregoing, plaintiff's motion to obtain documents [D.E. 43] is DENIED, and his motion to amend [D.E. 23] is GRANTED. Plaintiff is DIRECTED to file one amended complaint within **21 days** of entry of this order as instructed above. The clerk is DIRECTED to send plaintiff the form prisoner civil rights complaint. Should plaintiff fail to respond to this order, the clerk is DIRECTED, without further order of the court, to terminate any pending motions as moot and enter judgment dismissing this action without prejudice for failure to prosecute and failure to respond to a court order.

SO ORDERED, this the 29th day of March, 2024.

RICHARD E. MYERS, II
Chief United States District Judge

4